# Exhibit

A

 **CT** Corporation

**Service of Process Transmittal**
12/14/2020
CT Log Number 538751287

**TO:**     Kim Lundy Service Of Process
            Walmart Inc.
            702 SW 8TH ST
            BENTONVILLE, AR 72716-6209

**RE:**     **Process Served in New York**

**FOR:**    Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marquez Aracelis, Pltf. vs. Wal-Mart Stores East, LP, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Verification, Attachment(s), Notice |
| **COURT/AGENCY:** | Suffolk County: Supreme Court, NY
Case # 6192532020 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 07/21/2020 at 41 Anawana Lake Road Monticello in the County of Sullivan and State of New York |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/14/2020 at 17:51 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, excluded of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Mark J. Linder
Harmon, Linder & Rogowsky
3 Park Avenue
23rd Floor
Suite 2300
New York, NY 10016 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/15/2020, Expected Purge Date: 12/20/2020

Image SOP

Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System
28 Liberty Street
New York, NY 10005
877-564-7529
MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                      Mon, Dec 14, 2020

**Server Name:**               NY-NYC DROPOFFPROCESSSSERVER

Entity Served                  WAL-MART STORES EAST, LP

Agent Name                     C T CORPORATION SYSTEM

Case Number                    6192532020

Jurisdiction                   NY



FILED: SUFFOLK COUNTY CLERK 12/10/2020 02:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 619253/2020

RECEIVED NYSCEF: 12/10/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index No.:

------------------------------------------------------------

ARACELIS MARQUEZ,

Plaintiff(s),

Plaintiff designates
COUNTY OF SUFFOLK
As the place of trial
The basis of the venue is
Defendant's address

against

**SUMMONS**

Defendant's address
pursuant to their Articles of
Limited Partnership is the
County of SUFFOLK

WAL-MART STORES EAST, LP,

Defendant(s).

------------------------------------------------------------

To the above-named defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this
summons, excluded of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer a judgment will be taken against you by default for the
relief demanded in the complaint.

Date: December 10, 2020

*Mark J. Linder*
Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff(s)
3 Park Avenue, Suite 2300
New York, NY 10016

Defendants' address:

WAL-MART STORES EAST, LP
c/o C T Corporation System
28 Liberty Street
NY, NY 10005

FILED: SUFFOLK COUNTY CLERK 12/10/2020 02:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 619253/2020

RECEIVED NYSCEF: 12/10/2020

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-----------------------------------------------------------------X
**ARACELIS MARQUEZ,**

                                         **Plaintiff,**

                    -against-                                   **VERIFIED**
                                                                **COMPLAINT**
                                                                **Index No.:**

**WAL-MART STORES EAST, LP,**

                                         **Defendant.**
-----------------------------------------------------------------X

Plaintiff complaining of the defendant herein, by her attorneys HARMON, LINDER &

ROGOWSKY, respectfully sets forth and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

1.      That at the time of the commencement of this action defendant WAL-MART

STORES EAST, LP was a foreign limited partnership that has duly filed its Certificate of

Limited Partnership with the New York State Department of State and has declared the

County of Suffolk within the State of New York as its principle place of business in said

Certificate. Therefore, pursuant to CPLR §503(c) and/or (d), said county is the proper

venue.

2.      Defendant WAL-MART STORES EAST, LP was and still is a foreign limited

partnership organized in Delaware and existing under and by virtue of the laws of the

State of New York; additionally, said corporation is conducting business in the State of

New York.

3.      That the location that gave rise to this action was the aisle containing milk products

inside of the Wal-Mart Store located upon the lands and premises at 41 Anawana Lake

Road, Monticello, in the County of Sullivan and State of New York.



FILED: SUFFOLK COUNTY CLERK 12/10/2020 02:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 619253/2020

RECEIVED NYSCEF: 12/10/2020

4.      That the defendant owned, operated, managed, maintained and controlled a business that was open to and/or invited members of the public, including the plaintiff, to be its customers and patrons.

5.      That on July 21, 2020 at approximately 8:24 pm while the plaintiff herein was lawfully walking at said location when the plaintiff was caused to slip and fall due to dangerous condition(s) including but not limited to the following: (1) water/slippery/foreign substances and/or debris on the floor; (2) absence of non-slip floor matting; (3) flooring materials that were excessively slippery; (4) presence of excessive wax and/or floor sealant; (5) flooring materials that were uneven, broken, cracked, dilapidated, etc. and/or (6) inadequate illumination and thereby sustaining severe injuries as hereinafter set forth, due to the negligence of the defendant herein.

6.      The defendant, at all relevant times, and for many hours and days prior thereto, caused, created, allowed and/or permitted said dangerous condition to remain.

7.      The defendant knew or should have known of said dangerous condition.

8.      The defendant, at the time of the accident, negligently caused, created, allowed and/or permitted said dangerous condition and failed to take corrective action. The defendant had actual and constructive notice of the condition on the day of the accident.

9.      That WAL-MART STORES EAST, LP owned or leased said location.

10.     That WAL-MART STORES EAST, LP operated said location.

11.     That WAL-MART STORES EAST, LP managed said location.

12.     That WAL-MART STORES EAST, LP maintained said location.

13.     That WAL-MART STORES EAST, LP controlled said location.

14.     That WAL-MART STORES EAST, LP through its acts and/or omissions

FILED: SUFFOLK COUNTY CLERK 12/10/2020 02:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 619253/2020
RECEIVED NYSCEF: 12/10/2020

inadequately and/or improperly owned, operated, managed, maintained and controlled said location.

15.     That WAL-MART STORES EAST, LP through its acts and or omissions, negligently, carelessly, inadequately and or improperly repaired/cleaned/inspected and or failed to repair/clean/inspect said location.

16.     That the defendant herein was at all times under a duty to keep the aforementioned lands and/or premises in a safe, proper and secured manner to prevent injury to the plaintiff and others and free from dangerous conditions.

17.     That the defendant, its agents, servants and/or employees thorough their acts and/or omissions were careless and negligent in the ownership, operation and control of the aforesaid premises; in causing, allowing and/or permitting the aforesaid premises to become and remain in dangerous condition, dilapidated, unmaintained, negligent, improper and/or unsafe condition;  in failing to make proper, adequate, timely and necessary cleaning; in causing, allowing and/or permitting aforesaid premises to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in allowing and/or failing to amend a reoccurring condition and dangerous condition; in failing to warn persons lawfully traversing the area of the aforesaid dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; and in otherwise failing to use due care, caution and prudence on the premises.

FILED: SUFFOLK COUNTY CLERK 12/10/2020 02:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 619253/2020

RECEIVED NYSCEF: 12/10/2020

18.    That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

19.    That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of defendant.

20.    That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

21.    That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

22.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "21", as if the same were fully hereinafter set forth at length.

23.    That the defendant's conduct as earlier described was negligent and careless in *inter alia*:

   (a)    Failing to take proper precautions for the safety and wellbeing of the plaintiff;

   (b)    That the defendant was negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, etc.,

   (c)    Failing to adopt appropriate procedures for the protection of customers and patrons;

   (d)    Negligence at law.

FILED: SUFFOLK COUNTY CLERK 12/10/2020 02:28 PM

NYSCEF DOC. NO. 1

INDEX NO. 619253/2020

RECEIVED NYSCEF: 12/10/2020

24.    That the defendant should have known that its failure in such regards would cause

harm.

25.    That by reason of the foregoing, plaintiff has been damaged in an amount which

exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

   **WHEREFORE**, plaintiff demands judgment against the defendant on the First

and Second Causes of Action together with interest and the costs and disbursements of

this action.

Dated:    New York, New York
          December 10, 2020

*Mark J. Linder*
Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff
3 Park Avenue, 23rd Floor, Suite 2300
New York, NY 10016
ACD

FILED: SUFFOLK COUNTY CLERK 12/10/2020 02:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 619253/2020
RECEIVED NYSCEF: 12/10/2020

### ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                   ) ss:
COUNTY OF NEW YORK )

    I, the undersigned, am an attorney admitted to practice in the Courts of New York

State, and say that:

    I am the attorney of record or of counsel with the attorney(s) of record for the

plaintiff.

    I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the

contents thereof and the same are true to my knowledge, except those matters therein

which are stated to be alleged on information and belief.  As to those matters, I believe

them to be true.  My belief, as to those matters therein not stated upon knowledge is

based upon the following:

    Interviews and/or discussions held with the plaintiff(s) and papers and/or

documents in the file.

    The reason I make this affirmation instead of the plaintiff is because said plaintiff

resides outside of the county from where your deponent maintains his office for the

practice of law.

Dated:     New York, NY
           December 10, 2020

                             *Mark J. Linder*

                             _____
                             Mark J. Linder, Esq.

**FILED: SUFFOLK COUNTY CLERK 12/10/2020 02:28 PM**

NYSCEF DOC. NO. 1

INDEX NO. 619253/2020

RECEIVED NYSCEF: 12/10/2020

Index No.:                                        Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------------------

ARACELIS MARQUEZ,

                                                        Plaintiff(s),

                    -against-

WAL-MART STORES EAST, LP,

                                                        Defendant(s).

-------------------------------------------------------------------------------

## VERIFIED SUMMONS AND COMPLAINT

-------------------------------------------------------------------------------

**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462

-------------------------------------------------------------------------------

**To:**
**Attorney(s) for**

-------------------------------------------------------------------------------

Service of a Copy of the within                    is hereby admitted.

Dated:                                        _____
                                                **Attorneys for**

-------------------------------------------------------------------------------

PLEASE TAKE NOTICE:

| | |
|---|---|
| **NOTICE OF ENTRY** | That the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on        20___ |
| **NOTICE OF SETTLEMENT** | that an Order of which the within is a true copy will be presented for settlement to the Hon.        one of the Judges of the within named Court, on 20___, at        M. |

Dated:

            **HARMON, LINDER & ROGOWSKY**
            Attorneys for Plaintiff
            3 Park Avenue, Suite 2300
            New York, NY 10016
            Tel: (212) 732-3665   Fax: (212) 732-1462

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF   SUFFOLK

INDEX   619253/2020

ARACELIS MARQUEZ

AGAINST

PLAINTIFF/PETITIONER

WAL-MART STORES EAST, LP

DEFENDANT/RESPONDENT

## NOTICE OF ELECTRONIC FILING (Mandatory Case) (Uniform Rule § 202.5-bb)

You have received this Notice because:
   1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and
   2) You are a Defendant/Respondent (a party) in this case.
*If you are represented by an attorney:
     Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).
*If you are not represented by an attorney:
     You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.
If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:
          *serving and filing your documents electronically
          *free access to view and print your e-filed documents
          *limiting your number of trips to the courthouse
          *paying any court fees on-line (credit card needed)
To register for e-filing or for more information about how e-filing works:
          *visit: www.nycourts.gov/efile-unrepresented or
          *contact the Clerk's Office or Help Center at the court where the case was filed. Court
           contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov
Information for Attorneys (E-filing is Mandatory for Attorneys)
An attorney representing a party who is served with this notice must either:
   1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or
   2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]
For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

DATE:    12/10/2020

*HARMON, LINDER & ROGOWSKY, ESQS.*

HARMON, LINDER & ROGOWSKY, ESQS.
3 PARK AVENUE, SUITE 2300
NEW YORK, NY 10016
Tel: 212-732-3665

FILED: SUFFOLK COUNTY CLERK 12/17/2020 11:12 AM
NYSCEF DOC. NO. 4

INDEX NO. 619253/2020
RECEIVED NYSCEF: 12/17/2020

WM 20-532 AB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------------X

ARACELIS MARQUEZ,
                     **Index No.: 619253/2020**

        Plaintiff,

   -against-
                     **VERIFIED ANSWER**

WAL-MART STORES EAST, LP,

        Defendant.

------------------------------------------------------------------X

        The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY

O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information

and belief:

### AS TO THE FIRST CAUSE OF ACTION

        1: Defendant denies having knowledge or information sufficient to form a

belief as to the allegations set forth in paragraph marked "1" except admits that WAL-

MART STORES EAST, LP is a foreign limited partnership registered to do and doing

business in the State of New York and has named Suffolk County as its county in its

registration with the New York State Department of State.

        2: Defendant denies having knowledge or information sufficient to form a

belief as to the allegations set forth in paragraph marked "2" except admits that WAL-

MART STORES EAST, LP is a foreign limited partnership registered to do and doing

business in the State of New York and has named Suffolk County as its county in its

registration with the New York State Department of State.

FILED: SUFFOLK COUNTY CLERK 12/17/2020 11:12 AM   INDEX NO. 619253/2020
NYSCEF DOC. NO. 4                                    RECEIVED NYSCEF: 12/17/2020

3: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "3" and each and every part thereof.

4: Defendant denies the allegations set forth in paragraph marked "4" except admits that WAL-MART STORES EAST, LP is the operator of the Monticello Walmart store.

5: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "5" and each and every part thereof.

6: Defendant denies the allegations set forth in paragraphs marked "6", "7" and "8" and each and every part thereof.

7: Defendant denies the allegations set forth in paragraph marked "9" except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Monticello Walmart store.

8: The allegations contained in paragraph marked "10" are admitted.

9: Defendant denies the allegation set forth in paragraphs marked "11", "12" and "13" and refers all questions of law to the trial court.

10: Defendant denies the allegations set forth in paragraphs marked "14" and "15" and each and every part thereof.

11: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "16" and each and every part thereof.

12: Defendant denies the allegations set forth in paragraph marked "17" and each and every part thereof.

FILED: SUFFOLK COUNTY CLERK 12/17/2020 11:12 AM INDEX NO. 615253/2020
NYSCEF DOC. NO. 4 RECEIVED NYSCEF: 12/17/2020

13: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "18" and each and every part thereof.

14: Defendant denies the allegations set forth in paragraph marked "19" and each and every part thereof.

15: Defendant denies the allegation set forth in paragraph marked "20" and refers all questions of law to the trial court.

16: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "21" and each and every part thereof.

### AS TO THE SECOND CAUSE OF ACTION

17: Defendant repeats and reiterates each and every denial in answer to the prior paragraphs of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "22" and each and every part thereof.

18: Defendant denies the allegations set forth in paragraph marked "23" and each and every part thereof.

19: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "24" and "25" and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
December 16, 2020

FILED: SUFFOLK COUNTY CLERK 12/17/2020 11:12 AM INDEX NO. 619253/2020
NYSCEF DOC. NO. 4                                                RECEIVED NYSCEF: 12/17/2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant


By:  _____

PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 20-532 AB


TO:    HARMON, LINDER & ROGOWSKY
       Attorneys for Plaintiff
       3 Park Avenue, 23rd Floor, Suite 2300
       New York, New York 10016
       (212) 732-3665

FILED: SUFFOLK COUNTY CLERK 12/17/2020 11:12 AM
NYSCEF DOC. NO. 4

INDEX NO. 619253/2020
RECEIVED NYSCEF: 12/17/2020

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      December 16, 2020

_____
PATRICIA A. O'CONNOR